UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| DON A. SPATES,  Plaintiff, v. BYRIDER FINANCE, LLC d/b/a CARNOW ACCEPTANCE COMPANY d/b/a CNAC, Defendant. | CIVIL COMPLAINT  CASE NO. 3:18-cv-00981  DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes DON A. SPATES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BYRIDER FINANCE, LLC d/b/a CARNOW ACCEPTANCE COMPANY d/b/a CNAC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

### PARTIES

4. Plaintiff is a 58-year-old natural person residing in Fitchburg, Wisconsin, which is located within the Western District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39)

6. Defendant is a corporation with its principal place of business located at 12802 Hamilton Crossing Blvd., Carmel, Indiana 46032. Defendant services and finances automobile loans in the State of Wisconsin and across the United States. Defendant collects or attempts to collect, directly or indirectly, auto loan accounts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Wisconsin.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. A couple of years ago, Plaintiff purchased a 2007 Chevrolet Impala ("automobile") and obtained financing for the automobile through Defendant.

10. Shortly thereafter, Plaintiff experienced numerous malfunctions with the automobile, but despite these defects, Plaintiff continued to make payments regularly.

11. Eventually, however, the amount of money that Plaintiff was expending to repair the automobile caused Plaintiff to fall behind on his monthly payments owed to Defendant.

12. As a result, Plaintiff voluntarily surrendered the automobile to Defendant in September 2018.

13. In approximately August 2018, Plaintiff began receiving calls to his cellular phone, (608) XXX-8935 from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in -8935. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. Upon answering Defendant's phone calls, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, and repeatedly has to say "hello" before he is connected with a live representative.

16. Upon speaking with Defendant's representatives, Plaintiff was notified that Defendant was seeking to collect upon an alleged past due balance owed on the automobile.

17. Plaintiff notified Defendant that he already surrendered the automobile back to Defendant, and demanded that Defendant stop contacting him.

18. Despite Plaintiff's demands, Defendant has continued to place calls to Plaintiff's cellular phone up through the filing of this action.

19. Moreover, Defendant has also contacted Plaintiff's employer on multiple occasions.

20. Defendant has used a wide-array of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (262) 787-9600, (608) 354-0688, and (608) 535-3225.

21. Upon information and belief, the above-referenced phone numbers are regularly used by Defendant to contact consumers during its collection activities.

22. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

23. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting a handful of seconds in length, that Plaintiff experiences upon answering Defendant's calls, and the fact that Plaintiff has to repeatedly say "hello" before he is connected to a live representative is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

29. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant was explicitly revoked by his demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes but in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, DON A. SPATES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector

5

> may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

34. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff through means of an automatic system after Plaintiff notified Defendant to cease calling. Following its characteristic behavior in placing voluminous calls to consumers even after those consumers have demanded that such collection calls stop, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment. In addition, Defendant placed several phone calls to Plaintiff's employer in an attempt to harass Plaintiff into submission

35. Defendant also purposefully and systematically "spoofed" the phone numbers which it placed calls from to appear as if they were local to Plaintiff's area code with the goal of coercing Plaintiff into answering. By changing phone numbers, Defendant hoped that Plaintiff would not recognize that it was calling so that he would answer.

36. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

38. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after Plaintiff told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

39. As plead in paragraphs 22 through 25, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

40. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting him, yet, he was still bombarded with collection phone calls from Defendant. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told Defendant to stop calling, Defendant had more than enough information to know that it should not continue calling his phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of a debt when it did not. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, DON A. SPATES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 29, 2018                               Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Western District of Wisconsin   Admitted in the Western District of Wisconsin

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 581-5858 (phone)  
(630) 575-8188 (fax)  
thatz@sulaimanlaw.com